UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KHALFANI M KAMAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-01023-SEB-MG |
| | ) |
| TERRANCE LAMONT KINNARD, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Dismissing Complaint and Opportunity to Show Cause**

Plaintiff Khalfani M. Kamau is a prisoner currently incarcerated at Forrest City Federal Correctional Institution. He filed this civil action alleging that the defendants violated various constitutional rights during his arrest and trial proceedings. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). Defendant Schollenberger's motion to screen plaintiff's complaint under 28 U.S.C. § 1915a and stay all dates and deadlines pending issuance of the screening entry, dkt. [5], is **granted** to the extent that the Court now screens Mr. Kamau's complaint.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

1

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Kamau brings claims against eight defendants: 1) Terrance Kinnard, his former privately hired counsel; 2) Joseph Cleary, his former public defender; 3) Stacy Uliana, his former public defender; 4) Denise Turner, his former public defender; 5) Officer Blake McCamey; 6) Officer Chris Ryan; 7) Officer W. Jeffers; and 8) Officer R. Shollenbarger. Mr. Kamau alleges that he hired Mr. Kinnard privately as his attorney on April 10, 2022, and then later was appointed Mr. Cleary, Ms. Uliana, and Ms. Turner as his public defenders when he was found indigent.

On March 25, 2022, Mr. Kamau was arrested by Bloomington Police Officers McCamey, Ryan, Jeffers, and Shollenbarger when they executed a search warrant. Mr. Kamau was charged with dealing in methamphetamine, heroin, and cocaine. He alleges that the Bloomington Police Department's evidence custodian released seized property to federal law enforcement agents which amounted to a violation of his due process rights. Mr. Kamau was then charged with violating federal and state drug laws. He was charged simultaneously in the circuit court and the United States District Court. However, the federal criminal proceedings were stayed while the criminal circuit court proceedings were conducted.

Mr. Kamau alleges that Mr. Kinnard, Mr. Cleary, Ms. Uliana, and Ms. Turner all failed to exercise "knowledge and skill" during their respective representation of him, leading to his unlawful detention. Dkt. 1-2 at 7. Attorney Kinnard failed to file motions to suppress evidence, depose key witnesses, investigate the execution of the search warrant and investigate misconduct by the officers. On January 9, 2023, Mr. Kamau was eventually arrested again and charged with federal crimes for the same previously seized evidence in his circuit court case. Mr. Kamau alleges

2

that Mr. Kinnard fraudulently submitted a motion to waive his detention hearing without his knowledge and conspired with the circuit court to remand him to federal custody. Mr. Kamau then terminated representation with Mr. Kinnard.

Mr. Cleary was then appointed to represent Mr. Kamau when he was found indigent. Mr. Kamau alleges that Mr. Cleary refused to file a motion to dismiss for lack of subject matter jurisdiction or a petition for writ of habeas corpus on his behalf. Mr. Cleary was then recused, and Ms. Uliana was appointed to defend Mr. Kamau. Mr. Kamau alleges that Ms. Uliana presented fraudulent legal research with the intent to mislead him and also refused to file the motion and petition he requested Mr. Cleary to file. Ms. Uliana then withdrew, and Mr. Kamau was appointed Ms. Turner. Ms. Turner also refused to file these motions and petitions and argued that the federal court had jurisdiction over his criminal law proceedings. Mr. Kamau contends that all three of these attorneys rendered him ineffective assistance.

Mr. Kamau alleges that Officers McCamey, Ryan, Jeffers and Shollenberger failed to maintain and secure his seized property and instead allowed government agents to take possession of it which amounts to a violation of his constitutional rights. On March 30, 2022, Officer Ryan, the evidence custodian, released Mr. Kamau's property to Officer Jeffers, and the next day, he released more property to Officer McCamey who released this property to Officer Schollenberger. Mr. Kamau alleges these defendants violated his Tenth and Fourteenth Amendment rights. Officer McCamey violated his Fourth Amendment rights when he executed the search warrant.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **dismissed**.

### A. Claims against Attorneys Kinnard, Cleary, Uliana, and Turner

First, Mr. Kamau's allegation that Mr. Kinnard violated his civil rights is understood to be brought under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). Mr. Kamau alleges that Mr. Kinnard is a private attorney, not that he acted with the authority of the state. Accordingly, Mr. Kamau has failed to allege that Mr. Kinnard acted under color of law to support a civil rights claim against him.

To the extent that Mr. Kamau asserts claims under § 1983 against his former public defenders, these claims too also fail. Mr. Cleary, Ms. Uliana and Ms. Turner were public defenders, and thus their salaries were paid by the State. However, the Supreme Court has held they still would not be acting under the color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 453 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Next, to the extent that Mr. Kamau is understood to assert state law claims against these defendants such as legal malpractice claims, this Court does not have jurisdiction over such claims. "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (citing 28 U.S.C. §§ 1331–32). Because the parties are not citizens of different states, *see* § 1332(a)(1), diversity jurisdiction does not apply. And the other plausible claims—malpractice, breach of contract, libel—aren't

4

based on federal law. *Davis v. City of Chicago*, 53 F.3d 801, 804 (7th Cir. 1995) ("the Constitution does not forbid libel and slander."); *see also Thomas v. Marola*, No. 08-CV-840, 2009 WL 982615, at *1 (E.D. Wis. Apr. 13, 2009) (attorney malpractice is a state law claim); *Thomas v. Dilly*, No. 15-CV-01099-NJR, 2016 WL 2605992, at *2 (S.D. Ill. May 6, 2016) (breach of contract claim arises under state law).

### B. Claims Against Officers McCamey, Ryan, Jeffers and Shollenberger

Finally, claims against the four officers also must be dismissed. Taking Mr. Kamau's allegations as true, the officers named as defendants improperly released evidence to the government to use in his federal prosecution. It is well-settled "that where success in a prisoner's [42 U.S.C.] § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). In *Heck* and related decisions, the Supreme Court "focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

When Plaintiff filed his complaint, his prosecution still was pending. In such a situation, the Supreme Court has explained:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (cleaned up).

5

The court again takes judicial notice of the docket in Plaintiff's federal prosecution, which indicates that he pleaded guilty in May of 2025 and was sentenced to a total of 300 months of imprisonment and 10 years of supervised release. Mr. Kamau initiated an appeal shortly thereafter which is still currently pending.

Pursuant to *Heck* and *Wallace*, Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief can be granted. The allegations before the court go directly to the validity of his federal prosecution. Such allegations must be successfully litigated through the state appellate or post-conviction processes, or federal habeas process, before they could be raised in a civil § 1983 action.

Even if Mr. Kamau intended to bring claims under the Fourth Amendment against these officers, those claims would be time barred. Mr. Kamau identified that the transfer of evidence occurred on March 30, 2022. However, Mr. Kamau did not file his action in state court until April 30, 2025, which is a month after the two-year statute of limitations expired. Although untimeliness is an affirmative defense, a complaint can be dismissed *sua sponte* if "the existence of a valid affirmative defense is so plain from the fact of the complaint that the suit can be regarded as frivolous." *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); *see also Koch v. Gregory*, 536 F. App'x 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. Mr. Kamau shall have **through October 20, 2025,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

Defendant Schollenberger's motion to screen plaintiff's complaint under 28 U.S.C. § 1915a and stay all dates and deadlines pending issuance of the screening entry, dkt. [5] is **granted** to the extent that the Court now screen's Mr. Kamau's complaint.

As all claims against Defendant Kinnard are now dismissed, his motion for summary judgment, dkt. [8], is **denied as moot.**

Mr. Kamau's motions for entry of default, dkts. [21] and [22], are **denied**. Default judgment is appropriate only where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Because Defendants have argued that service has not been effectuated, dkt. 23, and because Defendants have appeared, entry of default is inappropriate.

**IT IS SO ORDERED.**

Date: 9/25/2025

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KHALFANI M KAMAU
50052
FORREST CITY - LOW FCI
FORREST CITY LOW FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 9000
FORREST CITY, AR 72336

All Electronically Registered Counsel